IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DEJUAN D. CARADINE                                                                       PETITIONER

v.                                          Case No. 6:08-cv-6019

LARRY NORRIS, Director,                                                                  RESPONDENT
Arkansas Department of Correction


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, DEJUAN CARADINE, an inmate confined in the Grimes Unit of the Arkansas Department of Corrections, filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (1996). The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

**A. Procedural Background[1]:**

On February 17, 2004, after a non-jury hearing, Petitioner was found to have violated the terms of his felony probation in case number CR-2000-281-1 (battery in the first degree) and in case number CR-2001-70-2 (battery in the second degree), in the Circuit Court of Hot Spring County, Arkansas. Petitioner was sentenced to 120 months incarceration in the Arkansas Department of Corrections. Shortly thereafter, on April 26, 2004, Petitioner pled guilty to battery in the first degree, in case number CR-2004-036-2, in the Circuit Court of Hot Spring County, Arkansas. As a result of this guilty plea, he was sentenced to 120 months imprisonment in the Arkansas Department of Corrections with 60 months of that term suspended, a fine of $7,500.00. The sentence also included

---

[1] The procedural background is taken from the Petition, Response to Petition, and the Court's Docket.

restitution to the victim in the amount of $54,877.61.

Petitioner did not appeal the probation revocations or the sentence imposed following the guilty plea in April 2004.[2]  He did not seek state post-conviction relief in any of the three proceedings at issue in this matter.  Because there was no direct appeal or application for post-conviction relief, the recordings of those proceedings have not been transcribed.

The Respondent admits Petitioner is in the custody of the State of Arkansas.  Further, the Respondent admits the Petitioner has no unexhausted, non-futile state court remedies available.

**B. Current Petition**:

On March 3, 2008, Petitioner filed the instant Petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254.  The Petition itself is undated and unsigned.  He raises two claims for relief.  First, Petitioner alleges he was denied effective assistance of counsel at his guilty plea on April 26, 2004, in that his attorney did not inform him he would be ineligible for parole under the provisions of Act 1805 of 2001.[3]  For his second ground for relief, Petitioner asserts the sentencing judge was unaware that sentencing pursuant to Act 1805 would result in a sentence without the possibility of parole.  The Respondent asserts the claims in the Petition are time barred by 28 U.S.C. §2244(d)(1)(A).

**C. Discussion**:

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law.  The law made several changes to the federal *habeas corpus*

---

[2]Respondent contends Petitioner was barred from pursuing an appeal of the April 2004 guilty plea by operation of ARK.R.APP.P-Crim. 1.

[3]The act, codified at ARK. CODE. ANN. § 16-93-609, provides in part: "(b)(1) Any person who commits a violent felony offense or any felony sex offense subsequent to August 13, 2001, and who has previously been found guilty of or pleaded guilty or nolo contendere to any violent felony offense or any felony sex offense shall not be eligible for release on parole by the board."

statutes, including the addition of a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The AEDPA provides that the one-year limitations period shall run from the latest of four possible situations. Section 2244(d)(1)(A) specifies the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. Section 2244(d)(1)(B) specifies the limitations period shall run from the date an impediment to filing created by the State is removed. Section 2244(d)(1)(C) specifies the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Section 2244(d)(1)(D) states the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Section 2244(d)(2) also provides that the time during which a "properly filed application" for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. The United States Court of Appeals for the Eighth Circuit has also held that "the one-year period is equitably tolled when 'extraordinary circumstances' have made it impossible for the *habeas* petitioner to file a timely federal petition." *Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002).

**1. <u>One-year Statute of Limitations</u>**:  The relevant triggering date for the one-year statute of limitations in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. §2244(d)(1)(A).  The Eighth Circuit has held that running of the statute of limitations imposed by §2244(d)(1)(A) is triggered by:

> either (i) the conclusion of all direct criminal appeals in the state system, followed

by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

*Nichols v. Bowersox*, 172 F.3d 1068, 1072 (8th Cir. 1999) *quoting Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998).[4]

In all three of the criminal convictions and sentences in this case, the Petitioner did not file a direct appeal, nor did he seek state post-conviction relief. The date on which the judgment became final within the meaning of § 2244(d)(1)(A) is determined by the conclusion of his direct criminal appeal in the state system followed by the expiration of the time allotted for filing a petition for the writ of *certiorari*. *See Nichols,* 172 F.3d at 1072.

In the two revocation cases, Petitioner was sentenced on February 17, 2004. The time for him to appeal those sentences to the Arkansas Court of Appeals expired thirty days later on March 18, 2004. *See* ARK.R.APP.P-Crim. 2. The one-year limitations period, as applied to the February 17, 2004 sentences, expired one-year later on March 18, 2005.

The guilty plea and sentence at issue occurred on April 26, 2004. Pursuant to ARK.R.APP.P-Crim. 1, he had no right to appeal the guilty plea and his conviction became final on that day. The one-year limitations period, as applied to the April 26, 2004 conviction, expired one-year later on April 26, 2005.

---

[4] In a recent case, *Riddle v. Kemna*, 2008 WL 927618, *1, *4 (8th Cir. April 8, 2008) the Eighth Circuit abrogated "the part of *Nichols* that includes the 90-day time period for filing for certiorari in all tolling calculations under the 28 U.S.C. § 2244(d)(1)(A)." The Eighth Circuit stated: "To recap, the district court properly began the statute of limitations in 28 U.S.C. § 2244(d) the day after the direct-appeal mandate issued, tolled it while the state post-conviction proceedings were pending, and did not allow the 90-day period for filing for *certiorari*." *Riddle*, 2008 WL 927618, at *4 (emphasis added). This means that when a petitioner does not seek direct appellate review by the highest state court, the conviction becomes final on the issuance of the mandate by the state intermediate court of appeals and the one-year limitations period of 28 U.S.C. § 2244 begins to run from that date.

Petitioner filed the pending Section 2254 Petition on March 3, 2008, almost three years after his convictions at issue became final. Accordingly, the Petition is time-barred unless some tolling provision applies.

**2. Statutory Tolling of the One-Year Limitation Period**: Section 2244(d)(2) provides the time during which a "properly filed application" for State post-conviction review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. Here, Petitioner did not file a state application for post-conviction relief. Accordingly, section 2244(d)(2) is inapplicable to the Petition in this case.

**3. Equitable Tolling of the One-Year Limitation Period**: While Petitioner does not expressly raise the issue of equitable tolling of the one-year statute of limitations, the Court will address the issue. It is settled in the Eighth Circuit that the one-year statute of limitations in § 2244(d) is subject to the doctrine of equitable tolling. *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001). However, equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001), *see, e.g., Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003), *quoting Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003)("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."). "'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.' Equitable tolling is 'an exceedingly narrow window of relief.'"

*Riddle,* 2008 WL 927618, at *6 (citations omitted).

Here Petitioner raises no "extraordinary" circumstances. In fact the record shows that at all times relevant to his direct appeal and state post-conviction proceeding Petitioner was in control of the circumstances. He does not allege any state imposed impediment to his filing for state post-conviction relief. In fact he offers no explanation for his failure to file a Rule 37 petition or his failure to properly seek review before the Arkansas Supreme Court. He merely states he was unaware of the operation of Act 1805 until he was "informed by ADC and my counsel that my time for filing an appeal expired." He makes no showing or even allegation of some extraordinary circumstances. Equitable tolling is inapplicable in this case.

**D. Conclusion**:

Petitioner's convictions became final on March 18, 2004 and April 26, 2004, respectively. The one-year statute of limitations of § 2244(d)(1)(A) began to run on those dates as Petitioner did not appeal or seek post-conviction relief from the state. Therefore Petitioner had until March 18, 2005 and April 26, 2005, respectively, in which to file his Petition for Writ of *Habeas Corpus* in this Court. He failed to file the instant Petition until March 3, 2008. Neither the statutory tolling provisions of §2244(d)(2) nor equitable tolling operate to extend the one-year statue of limitations.

**E. Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition be denied as untimely and dismissed with prejudice.[5]

---

[5] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **24th day of April, 2008.**

      /s/ Barry A. Bryant
      HON. BARRY A. BRYANT
      U.S. MAGISTRATE JUDGE